UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>　　　　　　　　Plaintiff,<br>v.<br>CORNUTT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-00021-ART-CLB<br><br>ORDER CLOSING CASE |

Plaintiff Jasmine Sanchez brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 5). On April 28, 2023, this Court ordered Sanchez to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before May 30, 2023. (ECF No. 4). The Court warned Sanchez that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 10). That deadline expired and Sanchez did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond. Moreover, the Court's mail to Sanchez has been returned as undeliverable because Sanchez "refused to sign for his [notice of electronic filing]." (ECF No. 6).

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Sanchez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Sanchez either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite

resources. As a frequent litigator,[1] Sanchez is aware that he must file a fully complete application to proceed *in forma pauperis* or pay the full filing fee for a civil action to proceed with a case. *See e.g., Sanchez v. Baldwin*, Case No. 3:23-cv-00126-MMD-EJY, at ECF No. 1; *Sanchez v. Rigney*, Case No. 3:22-cv-00259-MMD-CSD, at ECF No. 1; *Sanchez v.* Reubart, Case No. 3:20-cv-00610-MMD-CLB, at ECF No. 4. But Sanchez refused to receive the Court's May 28, 2023, order, (*see* ECF No. 6), so the chance that he would receive a second order is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Jasmine Sanchez's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's May 28, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Jasmine Sanchez wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 15th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] The Court's docket reflects that Sanchez has filed dozens of lawsuits in this district.